```
1   Thomas P. Riley
2   Law Offices of Thomas P. Riley, P.C.
    First Library Square
3   1114 Fremont Avenue
4   South Pasadena, CA 91030-3227
    CA SBN No. 194706
5   Fax: 626-799-9795
6   TPRLAW@att.net
    Tel:  626-799-9797
7
8   Attorneys for Plaintiff
    G & G Closed Circuit Events, LLC
9
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| G & G Closed Circuit Events, LLC, | Case No.: |
| Plaintiff, | COMPLAINT |
| vs. | |
| Adelio Walden and Jerry Ken Wong, individually and d/b/a Islanders a/k/a Islander's Lounge; and D & J Bar & Grill LLC, an unknown business entity d/b/a Islanders a/k/a Islander's Lounge, | |
| Defendants. | |

**PLAINTIFF ALLEGES:**

<u>**JURISDICTION**</u>

1.      Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.,* and The

Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S.C. Section 553, *et seq,* and California B&P Section 17200, a California state statute.

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

3. This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised *Program* hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of California constituting an unfair business practice in violation of the law, including specific California state statutes, more particularly set forth below.

///

///

## VENUE

4. Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Eastern District of California, because a substantial part of the events or omissions giving rise to the claim occurred in this District and/or because, *inter alia,* all Defendants reside within the State of California (28 U.S.C. § 1391(b) and 28 U.S.C. § 84(b)).

## INTRADISTRICT ASSIGNMENT

5. Assignment to the Sacramento Division of the Eastern District of California is proper because a substantial part of the events or omissions giving rise to the claim occurred in San Joaquin County and/or, the United States District Court for the Eastern District of California has decided that suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

## THE PARTIES

6. Plaintiff, G & G Closed Circuit Events, LLC, is, and at all relevant times mentioned was, a California company with its principal place of business located at 2925 Green Valley Parkway, Suite D, Las Vegas, NV 89014.

7. Plaintiff is informed and believes, and alleges thereon that, at all times relevant hereto, including on Saturday, July 6, 2024, Defendant D & J Bar & Grill LLC, was an owner, and/or operator, and/or licensee, and/or permittee, and/or entity in possession, and/or an entity with dominion, control, oversight and management of the

commercial establishment doing business as Islanders a/k/a Islander's Lounge operating at 151 W Adler St, Stockton, CA, 95204.

8. At all times relevant hereto, including on Saturday, July 6, 2024, Defendant D & J Bar & Grill LLC was specifically identified as the primary owner and licensee on the California Department of Alcoholic Beverage Control license (ABC# 629768) issued to D & J Bar & Grill LLC for Islanders a/k/a Islander's Lounge.

9. At all times relevant hereto, including on Saturday, July 6, 2024, Defendant Adelio Walden was specifically identified as Manager and/or Member on the State of California Secretary of State Statement of Information (201930210355) issued to D & J Bar & Grill LLC for Islanders a/k/a Islander's Lounge.

10. At all times relevant hereto, including on Saturday, July 6, 2024, Defendant Adelio Walden was specifically identified as Officer and Member of D & J Bar & Grill LLC on the California Department of Alcoholic Beverage Control license (ABC# 629768) issued to D & J Bar & Grill LLC for Islanders a/k/a Islander's Lounge.

11. Plaintiff is informed and believes, and alleges thereon that on Saturday, July 6, 2024 (the date of the *Program* at issue herein, as more specifically defined in

Paragraph 25), Defendant Adelio Walden had the right and ability to supervise the activities of Islanders a/k/a Islander's Lounge, which included the unlawful interception, receipt, and publication of Plaintiff's *Program.*

12.  Plaintiff is informed and believes, and alleges thereon that on Saturday, July 6, 2024 (the date of the Boxing *Program* at issue herein, as more specifically defined in Paragraph 25), Defendant Adelio Walden, as an individual, had the obligation to supervise the activities of D & J Bar & Grill LLC, which included the unlawful interception, receipt, and publication of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that Islanders a/k/a Islander's Lounge operated lawfully at all times.

13.  Plaintiff is informed and believes, and alleges thereon that on Saturday, July 6, 2024, (the date of the Boxing *Program* at issue herein, as more specifically defined in Paragraph 25), Defendant Adelio Walden specifically directed or permitted the employees of Islanders a/k/a Islander's Lounge to unlawfully intercept, receive, and publish Plaintiff's *Program* at Islanders a/k/a Islander's Lounge, or intentionally intercepted, received, and published the *Program* at Islanders a/k/a Islander's Lounge himself. The actions of the employees of Islanders a/k/a Islander's Lounge are directly imputable to Defendant Adelio Walden by virtue of his acknowledged responsibility for the operation of Islanders a/k/a Islander's Lounge.

14. Plaintiff is informed and believes, and alleges thereon that on Saturday, July 6, 2024, Defendant Adelio Walden, as the individual specifically identified as Manager and/or Member on the State of California Secretary of State Statement of Information (201930210355) issued to D & J Bar & Grill LLC for Islanders a/k/a Islander's Lounge and as the individual specifically identified as Officer and Member of D & J Bar & Grill LLC on the California Department of Alcoholic Beverage Control license (ABC# 629768) issued to D & J Bar & Grill LLC for Islanders a/k/a Islander's Lounge had an obvious and direct financial interest in the activities of Islanders a/k/a Islander's Lounge, which included the unlawful interception, receipt, and publication of Plaintiff's *Program.*

15. Plaintiff is informed and believes, and alleges thereon that the unlawful broadcast of Plaintiff's *Program* (as more specifically defined in Paragraph 25), as supervised and/or authorized by Adelio Walden, resulted in increased patronage for Islanders a/k/a Islander's Lounge.

16. At all times relevant hereto, including on Saturday, July 6, 2024, Defendant Jerry Ken Wong was specifically identified as Manager and/or Member on the State of California Secretary of State Statement of Information (201930210355) issued to D & J Bar & Grill LLC for Islanders a/k/a Islander's Lounge.

17. At all times relevant hereto, including on Saturday, July 6, 2024, Defendant Jerry Ken Wong was specifically identified as Officer and Member of D & J Bar & Grill LLC on the California Department of Alcoholic Beverage Control license (ABC# 629768) issued to D & J Bar & Grill LLC for Islanders a/k/a Islander's Lounge.

18. Plaintiff is informed and believes, and alleges thereon that on Saturday, July 6, 2024 (the date of the *Program* at issue herein, as more specifically defined in Paragraph 25), Defendant Jerry Ken Wong had the right and ability to supervise the activities of Islanders a/k/a Islander's Lounge, which included the unlawful interception, receipt, and publication of Plaintiff's *Program.*

19. Plaintiff is informed and believes, and alleges thereon that on Saturday, July 6, 2024 (the date of the *Program* at issue herein, as more specifically defined in Paragraph 25), Defendant Jerry Ken Wong, as an individual, had the obligation to supervise the activities of D & J Bar & Grill LLC, which included the unlawful interception, receipt, and publication of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that Islanders a/k/a Islander's Lounge operated lawfully at all times.

20. Plaintiff is informed and believes, and alleges thereon that on Saturday, July 6, 2024, (the date of the *Program* at issue herein, as more specifically defined in Paragraph 25), Defendant Jerry Ken Wong specifically directed or permitted the employees of Islanders a/k/a Islander's Lounge to unlawfully intercept, receive, and publish Plaintiff's *Program* at Islanders a/k/a Islander's Lounge, or intentionally intercepted, received, and published the *Program* at Islanders a/k/a Islander's Lounge himself. The actions of the employees of Islanders a/k/a Islander's Lounge are directly imputable to Defendant Jerry Ken Wong by virtue of his acknowledged responsibility for the operation of Islanders a/k/a Islander's Lounge.

21. Plaintiff is informed and believes, and alleges thereon that on Saturday, July 6, 2024, Defendant Jerry Ken Wong, as the individual specifically identified as Manager and/or Member on the State of California Secretary of State Statement of Information (201930210355) issued to D & J Bar & Grill LLC for Islanders a/k/a Islander's Lounge and as the individual specifically identified as Officer and Member of D & J Bar & Grill LLC on the California Department of Alcoholic Beverage Control license (ABC# 629768) issued to D & J Bar & Grill LLC for Islanders a/k/a Islander's Lounge had an obvious and direct financial interest in the activities of Islanders a/k/a Islander's Lounge, which included the unlawful interception, receipt, and publication of Plaintiff's *Program*.

22. Plaintiff is informed and believes, and alleges thereon that the unlawful broadcast of Plaintiff's *Program* (as more specifically defined in Paragraph 25), as supervised and/or authorized by Jerry Ken Wong, resulted in increased patronage for Islanders a/k/a Islander's Lounge.

23. On Saturday, July 6, 2024 (the date of the Boxing *Program* at issue herein, as more specifically defined in Paragraph 25), Islanders a/k/a Islander's Lounge sold food and alcoholic beverages to its patrons.

## COUNT I

**(Violation of Title 47 U.S.C. Section 605 )**

24. Plaintiff G & G Closed Circuit Events, LLC, hereby incorporates by reference all of the allegations contained in paragraphs 1-23, inclusive, as though set forth herein at length.

25. Pursuant to contract, G & G Closed Circuit Events, LLC, was granted the exclusive nationwide commercial distribution (closed-circuit) rights to the *Last Man Standing: The Nate Diaz v. Jorge Masvidal Fight* event telecast nationwide on Saturday, July 6, 2024 (this included all interviews and game commentary encompassed in the television broadcast of the event, heretofore referred to as the "*Program*").

26. Pursuant to contract, G & G Closed Circuit Events, LLC, entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of California, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments.

27. The *Program* could only be exhibited in a commercial establishment in California if said establishment was contractually authorized to do so by Plaintiff G & G Closed Circuit Events, LLC.

28. As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff G & G Closed Circuit Events, LLC, expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

29. The *Program* originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal to Plaintiff's lawful sub-licensees.

30. On Saturday, July 6, 2024, in violation of Plaintiff G & G Closed Circuit Events, LLC rights and federal law, Defendants intercepted, received and published

the *Program* at Islanders a/k/a Islander's Lounge. Defendants also divulged and published said communication, or assisted or permitted in divulging and publishing said communication to patrons within Islanders a/k/a Islander's Lounge.

31. With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, each and every one of the above named Defendants, either through direct action or through actions of employees or agents directly imputable to Defendants (as outlined above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at their commercial establishment located at 151 W Alder St, Stockton, CA, 95204.

32. Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition of the *Program* by each of the Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

33. Title 47 U.S.C. § 605(a), prohibits the unauthorized interception, receipt, publication and use of communications, including satellite television signals, such as the transmission of the *Program* for which Plaintiff G & G Closed Circuit Events, LLC had the distribution rights thereto.

34. By reason of the aforesaid mentioned conduct, the aforementioned Defendants, and each of them, violated Title 47 U.S.C. Section 605, *et seq.*, either directly or, in the case of Defendants Adelio Walden and Jerry Ken Wong, contributorily or vicariously.

35. By reason of the Defendants' violation of Title 47 U.S.C. Section 605*, et seq.*, Plaintiff G & G Closed Circuit Events, LLC, has the private right of action pursuant to Title 47 U.S.C. Section 605.

36. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff G & G Closed Circuit Events, LLC, is entitled to the following from each Defendant:

    (a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 605(e)(3)(C)(i)(II);

    (b) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii); and

    (c) The recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

## COUNT II

**(Violation of Title 47 U.S.C. Section 553)**

37. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-36, inclusive, as though set forth herein at length.

38. 47 U.S.C. § 553 prohibits the interception or receipt of communications offered over a cable system absent specific authorization.

39. The unauthorized interception and receipt of the *Program* by the above named Defendants was prohibited by Title 47 U.S.C. § 553, *et seq.*

40. By reason of the aforesaid mentioned conduct, the aforementioned Defendants violated Title 47 U.S.C. Section 553, *et seq.* either directly or, in the case of Defendants Adelio Walden and Jerry Ken Wong, contributorily or vicariously.

41. By reason of the Defendants' violation of Title 47 U.S.C. Section 553, *et seq.,* Plaintiff G & G Closed Circuit Events, LLC, has the private right of action pursuant to Title 47 U.S.C. Section 553.

42. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff G & G Closed Circuit Events, LLC, is entitled to the following from each Defendant:

    (a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii);

    (b)    Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B);

    (c)    The recovery of full costs pursuant to Title 47 U.S.C. § 553 (c)(2)(C); and

    (d)    In the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. § 553(c)(2)(C).

## COUNT III

### (Conversion)

43.    Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-42, inclusive, as though set forth herein at length.

44.    By their aforesaid acts of interception, reception, publication, divulgence, display, and/or exhibition of the *Program* at their commercial establishment at the above-captioned address, the aforementioned Defendants, tortuously obtained possession of the *Program* and wrongfully converted same for their own use and benefit.

45.    The aforesaid acts of the Defendants were willful, malicious, egregious, and intentionally designed to harm Plaintiff G & G Closed Circuit Events, LLC, by depriving Plaintiff of the commercial license fee to which Plaintiff was rightfully

entitled to receive from them, and in doing so, the Defendants subjected the Plaintiff to severe economic distress and great financial loss.

46. Accordingly, Plaintiff G & G Closed Circuit Events, is entitled to both compensatory, as well as punitive and exemplary damages, from aforementioned Defendants as the result of the Defendants' egregious conduct, theft, and conversion of the *Program* and deliberate injury to the Plaintiff.

## COUNT IV

### (Violation of California Business and Professions Code Section 17200, *et seq*.)

47. Plaintiff hereby incorporates by reference all of the allegations contained in Paragraphs 1-29, inclusive, as set forth herein at length.

45. By contract, Plaintiff G & G Closed Circuit Events, LLC, was granted exclusive domestic commercial exhibition closed-circuit rights to the *Program*.

48. Plaintiff did not authorize transmission, interception, reception, divulgence, exhibition, or display of the *Program* to the general public, persons at large, or to the commercial establishment operated by the foregoing Defendants, or any of them.

49. With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized

to do so, the above named Defendants, either through direct action or through actions of employees or agents directly imputable to Defendants by virtue of their respective positions and authority, did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the real time transmission of the *Program's* broadcast at the commercial establishment, as more particularly indicated and identified above.

50. Plaintiff is informed and believes and alleges thereon that the Defendants and/or their agents, servants, workmen, or employees performed the aforementioned acts knowingly, willfully and to confer a direct or indirect commercial advantage and/or private financial gain to the Defendants, to the detriment and injury of Plaintiff and its business enterprise as a commercial distributor and closed-circuit licensor of sports and entertainment television programming.

51. The Defendants' unauthorized interception, publication, divulgence and/or exhibition was done by the Defendants wantonly, recklessly, and without regard whatsoever for the intellectual property rights of the Plaintiff.

52. The aforementioned unlawful acts of each of the Defendants constituted unlawful, untrue, fraudulent, predatory, unfair, and deceptive trade practices, and by reason of the aforementioned conduct, the Defendants violated California and Professions Code Section 17200, *et seq.*

53. As a proximate result of the aforementioned acts attributable to the Defendants, Plaintiff has been permanently deprived of the patronage of current, previous and potential customers of the sports and entertainment programming it licenses commercially to the hospitality industry, all to its severe financial injury and loss in a sum to be determined at trial.

54. By reason of the Defendants' violation of California Business and Professions Code Section 17200, *et seq.*, Plaintiff G & G Closed Circuit Events, LLC is entitled to restitution for its injuries, the disgorgement and turn-over of the Defendants' ill-gotten gains, as well as injunctive and declaratory relief, as an alternative to any damages and relief that may be recoverable for Counts I-III for which there is no adequate remedy at law, from each of the aforementioned Defendants as may be made more appropriately determined at trial.

55. Plaintiff is entitled to its attorneys' fees from the Defendants for enforcing California Business and Professions Code Section 17200 as it meets the standards of a private attorney general as specifically and statutorily defined under California Civil Procedure Section 1021.5.

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1. For statutory damages in the amount of $110,000.00 against the Defendants, and each of them;

2. For reasonable attorneys' fees as mandated by statute;

3. For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1. For statutory damages in the amount of $60,000.00 against the Defendants, and each of them;

2. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute;

3. For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Third Count:**

1. For compensatory damages in an amount according to proof against the Defendants, and each of them;

2. For exemplary damages against the Defendants, and each of them;

3. For punitive damages against the Defendants, and each of them;

4. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute;

5. For all costs of suit, including, but not limited to, filing fees, service of process fee, investigative costs; and

6. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Fourth Count:**

1. For restitution to the Plaintiff in an amount according to and from the Defendants, for their ill-gotten gains;

2. For declaratory relief;

3. For prohibitory and mandatory injunctive relief;

4. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute;

5. For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

6. For such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

Date: June 26, 2025   /s/ Thomas P. Riley
**LAW OFFICES OF THOMAS P. RILEY, P.C.**
By: Thomas P. Riley
G & G Closed Circuit Events, LLC